UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERRERA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CIUMMO AND ASSOCIATES; and<br>ALLICIA BORREGO,<br><br>　　　　Defendants. | **1:14-cv-01492-AWI-GSA**<br><br>**FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL WITHOUT LEAVE TO AMEND**<br><br>(Doc. No. 1) |

**INTRODUCTION**

Plaintiff Ruben Herrera ("Plaintiff"), appearing pro se, filed the instant complaint on September 22, 2014 against the law firm Ciummo and Associates and Allicia Borrego, one of the firm's attorneys. (Doc. No. 1.) The Complaint alleges a single claim under 42 U.S.C. § 1983. *Id.* The Court has screened the Complaint and RECOMMENDS that the Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

**DISCUSSION**

**A.    Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint

1

to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the Complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

Despite this, however, a complaint must be dismissed where "none of the legal points are arguable on their merits." *Goland v. United States*, 903 F.2d 1247, 1258 (9th Cir. 1990)

**B.   Plaintiff's Allegations**

Plaintiff alleges that Defendants were appointed by Fresno County Superior Court to represent him in a commitment hearing under the Sexually Violent Predator Act, codified in California Welfare and Institutions Code § 6600 *et seq*. He further claims that he was treated with "obvious contempt" by Defendant Borrego and that Defendants lacked the necessary experience

to represent him in this matter. (Doc. No. 1 at 5.) More specifically, he notes that Defendant Borrego met with him only once in person to discuss case strategy and that he was treated curtly when he contacted Defendants' office to complain about Defendant Borrego.[1] *Id*.

Plaintiff notes that he previously filed a motion requesting the appointment of new counsel, but that his motion was "denied without opinion." *Id.* It is unclear from the face of the Complaint whether Defendants' representation of Plaintiff has concluded or what the outcome of his case (if any, at this point) was.

**C.    Analysis**

Even construing all of Plaintiff's allegations in a light most favorable to Plaintiff, the Complaint cannot establish a claim under 42 U.S.C. § 1983 as a matter of settled law. To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and ***must show that the alleged deprivation was committed by a person acting under color of state law.***" *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Plaintiff asserts that he was denied due process and equal protection by Defendants, his court-appointed defense attorneys, who were acting under color of state law. It is well-settled, however, that attorneys do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (upholding dismissal of a § 1983 claim by a pro se prisoner against a public defender that alleged that she failed to adequately represent him in criminal proceedings). Thus, none of Plaintiff's legal claims are arguable on their merits and they do not state a claim for which relief can be granted.

Nor can any amendment cure this deficiency. The problem with the Complaint is not that Plaintiff has simply failed *to allege* that Defendants were acting under color of state law; the problem is that, as a matter of settled law, Defendants *could not have been* acting under color of state law in representing Plaintiff. Consequently, there is no way to remedy the Complaint's insufficiency by providing leave to amend.

---

[1] It is unclear from the Complaint precisely which of Defendant Borrego's strategic decisions Plaintiff objects to—although he claims that he provided Defendant with a packet "to be submitted to the jury as evidence," he later complains that Defendant set "his case for trial." (Doc. No. 1 at 5.)

**RECOMMENDATION**

For the reasons set forth above, the Court finds that the Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2). Accordingly, it is recommended that the Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 7, 2015**                    /s/ Gary S. Austin
                                                                    UNITED STATES MAGISTRATE JUDGE